PEOPLE *v* VINCENT

CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR AR-
RESTS.

A defendant, testifying at his own trial, may not be asked if
he has been arrested or charged with a crime where the arrest
or charge has not resulted in a conviction and where the only
purpose of the question is to impeach the defendant's credi-
bility as a witness.

Appeal from Lapeer, Norman ,A. Baguley, J.
Submitted Division 2 January 13, 1972, at Lansing.
(Docket No. 9871.)  Decided January 24, 1972.

Floyd Vincent was convicted of indecent exposure
and taking indecent liberties with a child under 16
years. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Martin E. Clements,*
Prosecuting Attorney, and *Jerome S. O'Connor,*
Assistant Prosecuting Attorney, for the people.

*Thomas K. Butterfield,* for defendant on appeal.

Before: DANHOF, P. J., and T. M. BURNS and
O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 358.

PER CURIAM. Defendant was convicted by a jury of the crimes of indecent exposure[1] and taking indecent liberties with a child under 16 years of age.[2]

During cross-examination, the prosecutor asked the defendant if he had ever been arrested. After an affirmative response, the prosecutor asked what the charges had been. The court ruled, over the defendant's objection, that the questions and answers were admissible for the purpose of impeaching the credibility of the witness.

The defendant then testified that he had been arrested on another charge of indecent exposure contemporaneous with his arrest in the present action. The charge in the other case was dismissed.

This Court held in *People v Brocato,* 17 Mich App 277 (1969), that a defendant, testifying at his own trial, may not be asked if he has been arrested or charged with a crime where the arrest or charge has not resulted in a conviction and where the only purpose of the question is to impeach the defendant's credibility as a witness. For that reason there must be a new trial.

Reversed and remanded.

---

[1] MCLA 750.335a; MSA 28.567(1).
[2] MCLA 750.336; MSA 28.568.